U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 1 2 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL WAYNE NEWSON | CIVIL ACTION NO. 06-1551-P |
| VERSUS | JUDGE HICKS |
| WARDEN VENETIA MICHAEL | MAGISTRATE HORNSBY |

### REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Michael Wayne Newson ("Petitioner"), pursuant to 28 U.S.C. Section 2254. This petition was received and filed in this court on September 8, 2006. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He challenges his state court conviction and sentence. He names Warden Venetia Michael as respondent.

On May 21, 2001, Petitioner pleaded guilty to one count of simple burglary of an inhabited dwelling in Louisiana's First Judicial District Court, Parish of Caddo. On September 26, 2001, he was adjudicated a second felony offender and sentenced to 24 years imprisonment at hard labor.

---

[1]This decision is not intended for commercial print or electronic publication.

In support of this petition, Petitioner alleges (1) his sentence is illegal because it is based on a prior invalid conviction and (2) his guilty plea is invalid because it was induced by erroneous advice from the trial court judge.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[2]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

---

[2] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on May 21, 2001 and adjudicated a habitual offender and sentenced on September 26, 2001. Petitioner did not seek direct review of his conviction and sentence. Thus, Petitioner's conviction and sentence became final on October 26, 2001. See La. C.Cr.P. art. 914.

The federal petition currently before the Court was received and filed in this Court on September 8, 2006 and mailed in September 2006. Since the federal clock began ticking on October 26, 2001 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before October 26, 2002. This petition was not filed until September 2006 at the earliest, more than three years too late.

It appears Petitioner's first state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on October 26, 2001 and continued until he filed his first state post-conviction relief application in the trial court on May 3,

2002, encompassing approximately 189 days of the limitation period. From that point, the limitation period was tolled until December 12, 2003, when the Supreme Court of Louisiana denied relief.[3] State ex rel. Newson v. State, 2002-3039 (La. 12/12/03), 860 So.2d 1145. Petitioner then had approximately 176 days to file his federal petition for a writ of habeas corpus in this Court.

Petitioner's second state petition for post-conviction relief filed in the trial court on January 8, 2004 did not toll his federal one year-limitation period. As previously stated, the limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending." §2241(d)(2). This petition for post-conviction relief was denied by the Supreme Court of Louisiana as untimely pursuant to La. C.Cr.P. art. 930.8. State ex rel. Newson v. State, 2004-2129 (La. 5/20/05), 902 So.2d 1041. A petition for post-conviction relief which the state court rejects a untimely is not "properly filed" and does not entitle a petitioner to statutory tolling under §2241(d)(2). Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005). Thus, Petitioner's limitation period continued to run while his untimely second petition for post-conviction relief was pending and expired on June 5, 2004. Petitioner did not file this

---

[3]This Court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief. Thus, even if this Court gave Petitioner the benefit of the doubt and applied the appellate provisions to his application for post-conviction relief, his petition would still be untimely.

petition until September 2006, which was more than two years after the limitations period in June 2004.

In addition, the third and fourth post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed a pleading captioned as a motion to correct illegal sentence, which the state courts construed as a third application for post-conviction relief, in the Louisiana First Judicial District Court in January 2005. These post-conviction proceedings continued until the Supreme Court of Louisiana denied writs on February 17, 2006. State ex rel. Newson v. State, 2005-1434 (La. 2/17/06), 924 So.2d 1007. Petitioner filed a motion to correct illegal sentence in the Louisiana First Judicial District Court in July 2005. These post-conviction proceedings continued until the Supreme Court of Louisiana denied writs on August 18, 2006. State ex rel. Newson v. State, 2006-0403 (La. 8/18/06), 935 So.2d 148. To toll the federal limitation period, a petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not file these state post-conviction proceedings until January 2005 and July 2005, which was after the limitation period had already expired in June 2004.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d

326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 12th day of April, 2007.

_____
**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**